UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| In re: | ) No. 09-10188-SJS |
| | ) |
| LAWRENCE KATES, | ) DECLARATION OF LAWRENCE KATES |
| | ) IN SUPPORT OF DEBTOR'S MOTION FOR |
| Debtor. | ) ORDER APPROVING SALE OF |
| | ) PROPERTY FREE AND CLEAR OF LIENS |
| | ) AND FOR APPROVAL OF REAL ESTATE |
| | ) BROKER |
| | ) |
| | ) |

For his Declaration, Lawrence Kates states as follows:

1. I am the debtor-in possession in the above-captioned case. I have personal knowledge of the facts set forth herein and, if called, would be competent to testify to them.

2. **Background**. I filed a voluntary petition for Chapter 11 protection on January 12, 2009. Since the filing, I have continued to manage my affairs as debtor-in-possession.

3. This Chapter 11 case is both substantial and complex. As set forth in my Schedules, I own, either directly or through various legal entities, real properties valued at more than $86 million. These real estate holdings are located in multiple states and in Canada. Scheduled creditor claims in this case exceed $40 million. The bulk of the creditor claims are unsecured.

4. I filed a Plan of Reorganization on May 11, 2009 and have since that time been in discussions with the Committee and its professionals regarding remaining Disclosure Statement and Plan confirmation issues.

DECLARATION OF LAWRENCE KATES IN
SUPPORT OF DEBTOR'S MOTION FOR
ORDER APPROVING SALE OF PROPERTY
FREE AND CLEAR OF LIENS AND FOR
APPROVAL OF REAL ESTATE BROKER --
1
No. 09-10188-SJS
m40082-1215780.doc

**GRAHAM & DUNN** PC
Pier 70, 2801 Alaskan Way ~ Suite 300
Seattle, Washington 98121-1128
(206) 624-8300/Fax: (206) 340-9599

5. The current crisis in the global economy is imposing unprecedented challenges on all real estate markets, property valuations, marketing strategies, property sales, and financings. It is nevertheless my expectation and intent that my Chapter 11 Plan, once effected, will provide for the payment in full of all allowed creditor claims. The instant Motion plays a contributing role in my efforts to preserve and administer my bankruptcy estate for such payments.

6. **Property to be Sold**. By this Motion, I seek Court approval of the sale of real property commonly known as the "Naples Medical Building," 5855 Naples Plaza, Long Beach, California. The Property is legally described in Exhibit A attached hereto.

7. **Terms of the Offer and Purchase Price to be Approved/Net to the Estate**. The proposed purchaser of the Property is Mitchell Land and Improvement Company. The proposed purchase price is $5,700,000 (US). A copy of the pertinent Real Estate Sales Agreement is attached hereto as Exhibit A. The Agreement provides for an all-cash closing on June 19, 2009. The prospective purchaser has now completed its inspection of the Property, as provided by the Sales Agreement, and is prepared to move forward to closing.

8. I estimate that the secured claims currently encumbering the Property total approximately $2,760,000. In addition, I believe that other costs of closing will be the payment of approximately $10,000 in real property taxes and an additional 4% commission to the real estate broker. Payment of these costs will leave an immediate net cash return to the estate of approximately $2,700,000.

9. **Marketing Efforts and Good Faith**. I have over forty years of experience in the real estate business and consider myself an expert on the real properties markets. In my bankruptcy Schedules, I valued the Property at $5.7 million and the proposed sale is for that amount.

10. I placed the Property on the market in approximately March 2009. Thereafter, Lee & Associates approached me with a prospective buyer. As a result, Lee & Associates and I entered

DECLARATION OF LAWRENCE KATES IN
SUPPORT OF DEBTOR'S MOTION FOR
ORDER APPROVING SALE OF PROPERTY
FREE AND CLEAR OF LIENS AND FOR
APPROVAL OF REAL ESTATE BROKER --
2
No. 09-10188-SJS
m40082-1215780.doc

**GRAHAM & DUNN** PC
Pier 70, 2801 Alaskan Way ~ Suite 300
Seattle, Washington 98121-1128
(206) 624-8300/Fax: (206) 340-9599

into (as of May 28, 2009) a brokerage agreement denominated "Single Party Exclusive Authorization of Sale." A copy of the brokerage agreement is attached hereto as Exhibit B.

11.  The negotiations between the real estate agent and the Buyer have at all times been conducted professionally, at arms-length, and in good faith. I have no prior relationship or connection with the Buyer.

12.  **Necessity of the Sale Approval**.  Prompt approval of the proposed sale and brokerage relationship is essential for a variety reasons:

- I am prepared to sell the Property at my full valuation price. Given the general declining real property market, I emphatically believe that the proposed purchase price is not only fair and reasonable but is also the highest and best offer I am ever likely to obtain for the Property, certainly in the current economic environment. If the proposed sale is not consummated, I believe that my bankruptcy estate will suffer potentially significant damage through its inability ever to close a sale at the same price.

- The Real Estate Sales Agreement provides that the Buyer is entitled to close on June 19, 2009. If the proposed sale is not promptly approved, the Buyer can declare a breach of the Agreement and terminate the sale. Such an event would be disastrous for my bankruptcy estate.

- The proposed sale will significantly further the administration of the bankruptcy estate and will also generate substantial net proceeds necessary to preserve and maintain other assets of the estate for the benefit of creditors.

Given at Vancouver, British Columbia, this 5th day of June, 2009, under penalty of perjury under the laws of the State of Washington.

/s/ Lawrence Kates
Lawrence Kates

DECLARATION OF LAWRENCE KATES IN SUPPORT OF DEBTOR'S MOTION FOR ORDER APPROVING SALE OF PROPERTY FREE AND CLEAR OF LIENS AND FOR APPROVAL OF REAL ESTATE BROKER -- 3
No. 09-10188-SJS

**GRAHAM & DUNN** PC
Pier 70, 2801 Alaskan Way ~ Suite 300
Seattle, Washington 98121-1128
(206) 624-8300/Fax: (206) 340-9599