UNITED STATES BANKRUPTCY COURT FOR THE

WESTERN DISTRICT OF WASHINGTON

In re: ) Case No. 09-10188
)
LAWRENCE KATES, ) UNITED STATES' OBJECTION TO
) CONFIRMATION OF FIRST AMENDED
Debtor. ) PLAN OF REORGANIZATION
)
)
)

      The United States, through the undersigned attorney, on behalf of the Internal Revenue Service, hereby objects to confirmation of the First Amended Plan of Reorganization Proposed by Debtor in this case. The United States submits the following grounds in support of its objection:

    1. The Service has filed an amended proof of claim against the debtor in the total amount of $174,260.00 all of which is a claim entitled to priority under Bankruptcy Code § 507(a)(8).

    2. The claim of the Service has not been objected to and is deemed allowed. Bankruptcy Code § 502.

    3. Bankruptcy Code § 1129(a)(9)(C) requires that the holder of a priority tax claim under Bankruptcy Code § 507(a)(8) receive payments in cash of a total value as of the

UNITED STATES' OBJECTION
TO CONFIRMATION- 1

SPECIAL ASSISTANT U.S. ATTORNEY
OFFICE OF CHIEF COUNSEL IRS
915 Second Avenue, Room 2710
Seattle, WA 98174
(206) 220-5951

effective date of the plan equal to the allowed amount of such claim over a period ending not later than 5 years after the date of the order for relief and in a manner not less favorable than the most favored nonpriority unsecured claim provided for in the plan.

4. The plan fails to provide for payment in full of the Service's priority claim with interest under Internal Revenue Code § 6621 as required by Bankruptcy Code §§ 1129 and 511. The plan cannot be confirmed because it fails to provide for payment in full of the Service's priority claim in accordance with Bankruptcy Code § 507(a)(8).

5. The plan must provide for equal monthly installments that will pay in full the tax debt and interest over the period not to exceed 5 years after petition date. The plan does not specify a due date for the first and each subsequent installment. The first payment should be due no later than May 1, 2010 with regular installment payments due on the first of each month thereafter until paid in full.

6. The plan does not provide that the tax debt to the Service will not be discharged until paid in full under the terms of the plan. Bankruptcy Code § 1141(d) contemplates the plan providing for discharge of debt other than as set forth in 1141(d) including tax claims entitled to priority under Bankruptcy Code § 507(a)(8) which are nondischargeable under

Bankruptcy Code § 523(a)(1). Bankruptcy Code § 1141(d)(2). The plan provides for the liquidation of substantially all assets of the estate so that the debtor will not be entitled to a discharge under Bankruptcy Code § 1141(d)(3)(A). So the provision in Section VIII of the Amended Plan of Reorganization incorrectly states the conditions of discharge of the debtor.

7. In the event of default, the Service should be allowed to proceed with the type of collection it normally would have employed in the absence of bankruptcy and should have the rights it would have had but for the bankruptcy filing of the debtor. The amended plan should specifically provide that, within 30 days of a default under the First Amended Plan of Reorganization, the administrative collection powers and the rights of the Service will be reinstated as they existed prior to the filing of the bankruptcy petition, including, but not limited to, the assessment of taxes, the filing of a Notice of Federal Tax Lien and the powers of levy, seizure, and sale under the Internal Revenue Code.

8. The First Amended Plan of Reorganization proposes to liquidate substantially all assets of the estate. There is no provision for the plan administrator to set aside proceeds of the sales for payment of estimated federal tax on the capital gains on the sales. A provision for a reserve from the sale proceeds for payment of the federal tax on the capital gain on

the sales should be included in the plan.

WHEREFORE, the United States respectfully prays that the Plan not be confirmed.

Dated this 9th day of April, 2010.

JENNY A. DURKAN
United States Attorney

By: /s/ Catherine L. Campbell
CATHERINE L. CAMPBELL
Special Asst U.S. Attorney
WSBA # 2482
Internal Revenue Service
915 Second Avenue, Rm 2710
Seattle, WA
206-220-5637

UNITED STATES' OBJECTION
TO CONFIRMATION- 4

SPECIAL ASSISTANT U.S. ATTORNEY
OFFICE OF CHIEF COUNSEL IRS
915 Second Avenue, Room 2710
Seattle, WA  98174
(206) 220-5951

```
                                    JUDGE:    STEINER
                                    DATE:     4/16/2010
                                    TIME:     10:00 a.m.
                                    CHAPTER:  11
 1                                  PLACE:    Seattle
```

UNITED STATES BANKRUPTCY COURT FOR THE WESTERN

DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| In re: | ) Case No. 09-10188 |
| | ) |
| LAWRENCE KATES, | ) |
| | ) CERTIFICATE OF SERVICE |
| | ) |

     Debtor.

---

    The undersigned hereby certifies that s(he) is an employee of The Office of Chief Counsel, Internal Revenue Service, and a person of such age and discretion as to be competent to serve papers; that on the date set forth below (s)he served a copy of the UNITED STATES' OBJECTION TO CONFIRMATION OF FIRST AMENDED PLAN OF REORGANIZATION by ECF as follows:

    Mark D. Northrup         Martin L. Smith
    Attorney for Debtor     Attorney for U.S. Trustee

DATED this 9th day of April, 2010.

                                /s/ Catherine L. Campbell

CERTIFICATE OF SERVICE- 1         SPECIAL ASSISTANT U.S. ATTORNEY
                                                OFFICE OF CHIEF COUNSEL IRS
                                                915 Second Ave. Room 2710
                                                    Seattle, WA 98174
                                                       (206) 220-5951