FILED
~~Western Dist~~ ... ~~at Seattle~~

APR 16 2010

(JB)
U.S. Bankruptcy Court

The Honorable Samuel J. Steiner
Chapter 11
Hearing Date: April 16, 2010
Hearing Time: 10:00 a.m.
Response Date: April 9, 2010

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

In re:

LAWRENCE KATES,

Debtor.

In re:

HILLSIDE BALBOA, LLC

Debtor.

No. 09-10188-SJS

No. 09-17084-SJS

ORDER CONFIRMING PLAN

THIS MATTER having come on for hearing on April 16, 2010 before the undersigned Judge on confirmation of the Debtor's First Amended Plan of Reorganization dated as of February 12, 2010 (the "Plan"); and the Court previously having entered an Order Approving Disclosure Statement and Setting Hearing on Confirmation (the "Order"); and a copy of said Order and the Disclosure Statement and Plan having been transmitted to the holders of claims and interests; and the Debtor having appeared by and through its counsel, Graham & Dunn PC; and the Debtor having submitted evidence in support of confirmation of the Plan via the Declaration of Lawrence Kates in Support of Plan Confirmation; and the Court having considered the files, records, and testimony presented in connection with the Plan, the Court makes the following findings:

ORDER CONFIRMING PLAN -- 1

No. 09-10188-SJS
m40082-1375214.doc

**GRAHAM & DUNN** PC
Pier 70, 2801 Alaskan Way ~ Suite 300
Seattle, Washington 98121-1128
(206) 624-8300/Fax: (206) 340-9599

## Findings

1. The Debtor filed a voluntary petition pursuant to Chapter 11 of the United States Bankruptcy Code (the "Code") on January 9, 2010.

2. The Debtor originally filed the Plan with the Court on September 11. 2009 (Dkt. #158). A true and correct copy of the Plan, as modified and transmitted to all creditors and parties in interest as Exhibit A to the Court-approved Debtor's First Amended Disclosure Statement (Dkt. #249), is attached to this Order.

3. Notice of this hearing on confirmation was given to creditors and parties in interest in accordance with Federal Rule of Bankruptcy Procedure 2002 and notice of this proceeding was otherwise adequate.

4. The Plan complies with the applicable provisions of Chapter 11 of the Code.

5. The proponent of the Plan complies with the applicable provisions of the Code.

6. The Plan has been proposed in good faith and not by any means forbidden by law.

7. A. Any payment made or promised by the Debtor for services or for costs and expenses in, or in connection with, the bankruptcy case, or in connection with the Plan and incident to the case, has been disclosed to the Court; and

B. Any such payment made before confirmation of the Plan is reasonable; or if such payment is to be fixed after confirmation of the Plan, such payment is subject to the approval of the Court as reasonable.

8. A. The proponent of the Plan has disclosed the identity and affiliations of any individuals proposed to serve, after confirmation of the Plan, as a director, officer, or voting trustee of the Debtor, an affiliate of the Debtor participating in a joint plan with the Debtor, or a

ORDER CONFIRMING PLAN -- 2

No. 09-10188-SJS

m40082-1375214.doc

**GRAHAM & DUNN** PC
Pier 70, 2801 Alaskan Way ~ Suite 300
Seattle, Washington 98121-1128
(206) 624-8300/Fax: (206) 340-9599

successor to the Debtor under the Plan; and the appointment to, or continuance in, such office of such individual is consistent with the interests of creditors and equity security holders and with public policy; and

B. The proponent of the Plan has disclosed the identity of any insider that will be employed or retained by the reorganized Debtor, and the nature of any compensation for such insiders.

9. There are no regulatory commissions with jurisdiction, after confirmation of the Plan, over the rates of the Debtor.

10. With respect to each impaired class of creditors or interests:

A. Each holder of an allowed claim or interest of such class has accepted the Plan; or will receive or retain under the Plan on account of such claim or interest property of a value, as of the effective date of the Plan, that is not less than the amount that that holder would so receive or retain if the Debtor were liquidated under Chapter 7; or

B. If §1111(b)(2) of the Code applies to the claims of such class, each holder of a claim of such class will receive or retain under the Plan on account of such claim property of a value, as of the effective date of the Plan, that is not less than the value of such creditor's interest in the estate's interest in the property that secures such claims.

11. With respect to each class, such class has accepted the Plan or such class is not impaired under the Plan and is thus deemed to have accepted the Plan pursuant to §1126(f).

12. Except to the extent that the holder of a particular claim has agreed to a different treatment of such claim, the Plan provides that:

ORDER CONFIRMING PLAN -- 3

No. 09-10188-SJS
m40082-1375214.doc

**GRAHAM & DUNN** PC
Pier 70, 2801 Alaskan Way ~ Suite 300
Seattle, Washington 98121-1128
(206) 624-8300/Fax: (206) 340-9599

A    With respect to a claim of a kind specified in §§507(a)(1) or 507(a)(2) of the Code, on the effective date of the Plan, the holder of such claim will receive on account of such claim cash equal to the allowed amount of such claim, unless otherwise mutually agreed;

B.    With respect to a class of claims of the kind specified in §§507(a)(3)-(7) of the Code, each holder of a claim of such class will receive, if such class has accepted the Plan, deferred cash payments of a value, as of the effective date of the Plan, equal to the allowed amount of such claim; or, if such class has not accepted the Plan, cash on the effective date of the Plan equal to the allowed amount of such claims; and

C.    With respect to a claim of a kind specified in §507(a)(8) of the Code, the holder of such claim will receive on account of such claim deferred cash payments over a period not exceeding five years after the date of assessment of such claim, or a value, as of the effective date of the Plan, equal to the allowed amount of such claim.

13. At least one impaired class of claims has accepted the Plan, determined without including any acceptance of the Plan by an insider holding the claim of such class.

14. Confirmation of the Plan is not likely to be followed by the liquidation, or the need for further financial reorganization of the debtor or any successor of the debtor under the Plan unless its liquidation or reorganization is proposed in the Plan.

15. All fees payable under §1930 of title 28, as determined by the Court at the hearing on confirmation of the Plan, have been paid or the Plan provides for the payment of all such fees on the effective date of the Plan.

16. Notwithstanding paragraph 11 of this Order, above, the Plan also satisfies the confirmation requirements of Bankruptcy Code §1129(b).

ORDER CONFIRMING PLAN -- 4

No. 09-10188-SJS
m40082-1375214 doc

**GRAHAM & DUNN** PC
Pier 70, 2801 Alaskan Way ~ Suite 300
Seattle, Washington 98121-1128
(206) 624-8300/Fax: (206) 340-9599

17. In response to objections to confirmation filed by BAC Home Loans Servicing LP f/k/a Countrywide Home Loans, Inc. (Dkt. #267; "Countrywide"); the United States Internal Revenue Service (Dkt. #266; "IRS"); and First Citizen's Bank & Trust Company (Dkt. #260; "First Citizen's"), the Debtor agreed to modify the Plan to include certain provisions (set forth below), upon approval of which the objecting creditors would withdraw their objections and support Plan confirmation.

18. In response to inquiry by the Committee, the Plan will include a provision denominated "Projected Recovery of Avoidable Transfers" contained in the Disclosure Statement (p. 11). This provision was negotiated, approved, and included in the Disclosure Statement but was inadvertently omitted from the Plan.

19. All objections to Plan confirmation have either been withdrawn or overruled.

### Order

BASED ON THE FOREGOING FINDINGS, now therefore it is

ORDERED as follows:

1. The Debtor's First Amended Plan of Reorganization, a copy of which is attached hereto as Exhibit A and incorporated herein by this reference, is hereby confirmed and the Debtor is authorized and directed to carry out the terms and intent of said Plan. (The confirmed Plan constitutes the Plan proposed in Case No. 09-10188-SJS and does not constitute a plan proposed or confirmed in the administratively consolidated case of *In re Hillside Balboa, LLC*, Case No. No. 09-17084-SJS.)

2. The Plan's treatment of Class 1 claims is amended to read as follows:

> Class 1: All Allowed Claims in Class 1 shall be paid from the Assets or Proceeds in full in cash on the Effective Date; provided, however, that Allowed tax claims arising under Bankruptcy Code §507(a)(8) will be paid in full in not

ORDER CONFIRMING PLAN -- 5

No. 09-10188-SJS
m40082-1375214.doc

**GRAHAM & DUNN** PC
Pier 70, 2801 Alaskan Way ~ Suite 300
Seattle, Washington 98121-1128
(206) 624-8300/Fax: (206) 340-9599

less than five (5) years, pursuant to Bankruptcy Code §1129(a)(9). All Class 1 claims which become Allowed Claims after the Effective Date shall be paid from the Assets or Proceeds in full in cash within 15 business days after allowance; provided, however, that Allowed tax claims arising under Bankruptcy Code §507(a)(8) will be paid in full in not less than five (5) years, pursuant to Bankruptcy Code §1129(a)(9). In particular, the Allowed Class 1 claim of the Internal Revenue Service (the "IRS Claim") shall be paid as follows: a) the IRS Claim shall be paid in full; b) the IRS Claim shall include interest to be paid at the rate prescribed by 26 U.S.C. Section 6621; c) the IRS Claim shall not be discharged until paid in full; d) the IRS Claim shall include claims arising from the Debtor's capital gains and the Plan Administrator shall reserve proceeds of the sales of Estate Assets in amounts adequate to satisfy such capital gains obligations; e) the IRS Claim shall be paid at a rate of $4,356.67 per month commencing on May 12, 2010 and continuing on the 12th day of every month for the next 43 months thereafter until paid in full (including in the final payment all accrued but unpaid interest), provided that the IRS claim may at any time be sooner paid in such higher installment amount(s) as the Plan Administrator may elect or as may be required to ensure that payment of the IRS Claim is being treated in a manner not less favorable than the most favored nonpriority unsecured claim provided for by the Plan (excepting payments made to Class 4 creditors); and f) in the event the reorganized Debtor defaults in his payment obligations to the IRS under the Plan and such default is not cured within thirty (30) days after notice to the Plan Administrator, the IRS may pursue any state or federal collection remedies provided by applicable law that the IRS may deem appropriate. Additionally, for purposes of clarification, the IRS' right to payment of a tax claim arising from any capital gain on the postpetition sale of Estate Assets shall be an expense of administration and not an "Allowed Class 1" claim.

3.   The Plan's treatment of the Class 2 claim of BAC Home Loans Servicing LP f/k/a Countrywide Home Loans, Inc. is amended to read as follows:

> <u>Class 2 (Countrywide Funding, n/k/a Bank of America Home Loans)</u>: The Class 2 claimant's claim is secured by real property commonly known as 229 Marine Drive, Point Roberts, Washington (the "Property"). The Class 2 claimant will retain its security interests in the Property. To the extent its claim has not been satisfied prior to the Effective Date, the Class 2 claimant shall be treated as follows: 1) commencing with the Effective Date, the Debtor will make on-going monthly payments at the normal (non-default) contract rate; 2) not later than the date that is 18 months after the Effective Date the Debtor will either: a) sell the Property; b) surrender the Property to Countrywide; or c) cure and reinstate the Class 2 claimant's loan pursuant to Bankruptcy Code §1124; and 3) the Debtor agrees that there will be no subdivision of the Property without permission in writing from Countrywide.

ORDER CONFIRMING PLAN -- 6

No. 09-10188-SJS

m40082-1375214.doc

**GRAHAM & DUNN** PC
Pier 70, 2801 Alaskan Way ~ Suite 300
Seattle, Washington 98121-1128
(206) 624-8300/Fax. (206) 340-9599

4. The following provisions shall be added to the Plan's treatment of the "Effect of Confirmation":

**Property of Entities**: Notwithstanding anything in this Plan or in the Agreement for Plan Administration to the contrary, the property and assets owned by the Entities themselves, (as differentiated from the Manager's personal membership interests in the Entities) are not property and assets of the Manager's bankruptcy Estate. Therefore, neither the Plan nor the Agreement for Plan Administration (nor the automatic stay imposed by the Plan): (A) has any prohibitive effect on the ability of Entity creditors to take actions directly against the Entities or any real or personal property owned by the Entities pursuant to loan documents or security instruments executed by the Entity, and/or applicable non-bankruptcy law, or (B) invalidate, impair, limit, restrict, or otherwise affect the terms or enforceability of any existing loan documents, security instruments, agreements or contracts between an Entity and its creditors (to include but not be limited to mortgages, deeds of trust, assignments for security purposes and financing statements), or (C) give the Plan Administrator, the Post-Confirmation Committee, or the Debtor any rights or powers to demand prior or subsequent review, approval of, or consent to, any demands, actions, remedies or proceedings against any of the Entity or the Entity's real or personal property by any of the creditors thereof, or any transfers of real or personal property resulting therefrom.

Nothing contained in this Plan or in the Agreement for Plan Administration automatically or implicitly extends any of the terms and provisions of this Plan to cover, be applicable to, or protect any of the Entities or the property and assets owned by the Entities, from any actions or proceedings by any Creditor of an Entity. In the event that an Entity should seek relief in any Bankruptcy Court, any determinations respecting the applicability, modification of, or vacating the automatic stay as to the Entity or its property, and the proposal/confirmation of any plan of reorganization applicable to any such Entity or its creditors, must be adjudicated within the bankruptcy of such Entity according to usual and customary bankruptcy procedures, separate, distinct and apart from the provisions of this Plan and the Agreement for Plan Administration.

In the event the Plan Administrator files a bankruptcy on behalf of an Entity, the confirmation of this Plan and/or a vote in its favor is entirely without prejudice to the prompt objection in that bankruptcy by any creditor of the filing Entity claiming lack of authority to file without the concurrence of those authorized by the law of the state of organization of the Entity to make the filing decision.

ORDER CONFIRMING PLAN -- 7

No. 09-10188-SJS
m40082-1375214.doc

**GRAHAM & DUNN** PC
Pier 70, 2801 Alaskan Way ~ Suite 300
Seattle, Washington 98121-1128
(206) 624-8300/Fax: (206) 340-9599

5. The following additional provision shall be added to the Plan's treatment of the "Effect of Confirmation":

> The Plan Administrator will investigate and pursue recovery of (as he/she may determine): Avoidance Actions against the Debtor's insiders (potentially including transfers to family members, as set forth in the Debtor's Statement of Financial Affairs), including but not limited to unauthorized postpetition transfers pursuant to 11 U.S.C. §549. Avoidance Actions against non-insiders shall be waived.

6. The Plan Administrator designated in the Plan as "David Stapleton" shall be replaced by the "Stapleton Group, Inc."

7. The Plan and Paragraph 10 of the Management Agreement are modified to include the following provision (and to delete any provisions that are inconsistent therewith):

> Subsequent to the Confirmation Date, the Plan Administrator shall be authorized to pay fees and expenses incurred post-Confirmation Date by the Plan Administrator and Professional Persons retained by the Plan Administrator. Copies of the monthly invoices for these fees and expenses shall be delivered to the Plan Administrator, the Post-Confirmation Committee, and the Debtor. Expenses and fees of the Plan Administrator and his Professional Persons may be paid without further notice or approval up to the amounts of, respectively, $10,000 in fees in any given month for the Plan Administrator and $5,000 in fees in any given month for the Plan Administrator's counsel. If the fees of the Plan Administrator exceed $10,000 in any given month or if the fees of the Plan Administrator's counsel exceed $5,000 in any given month (collectively, the "Excess Fee Amounts"), the Plan Administrator shall submit the Excess Fee Amount invoices to the Chairperson of the Post-Confirmation Committee and request that the Excess Fee Amounts be approved and paid from Estate Assets. If the Chairperson of the Post-Confirmation Committee fails to object within seven business days of receipt, the Plan Administrator may pay the fees as requested. If the Chairperson declines to approve the Excess Fee Amounts request, the Plan Administrator may submit the payment requests to the Bankruptcy Court for review and approval with at least ten days prior notice (and an opportunity to object) provided to the Post-Confirmation Committee and the Debtor. For cause shown, the Bankruptcy Court may revise the terms of this provision upon motion of the Plan Administrator, the Post-Confirmation Committee, or the Debtor.

8. The following provision shall be added to the Management Agreement as paragraph 15:

ORDER CONFIRMING PLAN -- 8

No. 09-10188-SJS
m40082-1375214 doc

**GRAHAM & DUNN** pc
Pier 70, 2801 Alaskan Way ~ Suite 300
Seattle, Washington 98121-1128
(206) 624-8300/Fax. (206) 340-9599

15. **Estate Funds.** Following the Confirmation Date, Estate funds on deposit in the trust account of Graham & Dunn PC (U.S. funds) and in the Debtor's sequestered account at VanCity Savings Credit Union at 898 West Pender Street, Vancouver, British Columbia (Canadian funds) shall remain on deposit. Disbursement of Estate funds or transfer to other bank accounts of the Estate shall require the prior written or electronically transmitted consent of both the Plan Administrator and the Debtor.

9. Notwithstanding any provision of this Order or the Plan or Management Agreement to the contrary, professional persons employed by the Plan Administrator, Debtor or Affiliated Entities shall be entitled to obtain compensation from the Estate for services rendered to, or for the benefit of, the Estate that do not directly involve the Plan Administrator's sale or final disposition of Estate Assets as contemplated by the Management Agreement. Such compensable services shall include services rendered on behalf of the Affiliated Entities and all services provided in the administration of the Estate and Plan, as such services would be provided pursuant to the normal and customary requirements of the Bankruptcy Code. The provisions of paragraph 7 of this Order shall not apply to limit the amount of any such request for compensation. The Bankruptcy Court shall hear and approve any such request for compensation.

10. Nothing in this Order shall prohibit the Plan Administrator from seeking supplemental clarification of, and additional, terms respecting his duties and protections under the Management Agreement. The appointment of the Plan Administrator under the Plan shall be effective upon the later of the Effective Date or such date as the Bankruptcy Court determines and approves such supplemental terms, which determination the Plan Administrator may seek on shortened time.

ORDER CONFIRMING PLAN -- 9

No. 09-10188-SJS
m40082-1375214.doc

**GRAHAM & DUNN** PC
Pier 70, 2801 Alaskan Way ~ Suite 300
Seattle, Washington 98121-1128
(206) 624-8300/Fax. (206) 340-9599

1. 11. If inconsistent with the terms of the Plan, the provisions of this Order shall control.

DATED this 16 day of April, 2010.

_____
U.S. BANKRUPTCY JUDGE

Presented by:

GRAHAM & DUNN PC

By /s/ Mark D. Northrup
Mark D. Northrup
WSBA# 16947
Email: mnorthrup@grahamdunn.com
Attorneys for the Debtor

ORDER CONFIRMING PLAN -- 10

No. 09-10188-SJS
m40082-1375214.doc

**GRAHAM & DUNN** PC
Pier 70, 2801 Alaskan Way ~ Suite 300
Seattle, Washington 98121-1128
(206) 624-8300/Fax: (206) 340-9599