THE HONORABLE SAMUEL J. STEINER
Chapter 11

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| In re: | NO. 09-10188-SJS |
| LAWRENCE KATES, | |
| Debtor. | |
| In re: | No. 09-17084-SJS |
| HILLSIDE BALBOA, LLC, | PLAN ADMINISTRATOR'S NOTICE RE INITIAL DISTRIBUTION TO |
| Debtor. | CLASS 5 CREDITORS |

NOTICE IS HEREBY GIVEN that the Bankruptcy Court has appointed the Stapleton Group, Inc. as the Plan Administrator (the "PA") by its order dated May, 24, 2010 (the "PA Appointment Order"). Creditors who have questions or comments for the PA regarding this Notice may direct their questions or comments to:

Jake DiIorio, Director
Stapleton Group
514 Via de la Valle, Suite 206
Solana Beach, CA 92075
Phone: (213) 235-0600, Ext. 109
jdiiorio@stapletoninc.com

Pursuant to Article VIII of the Debtor's confirmed Amended Plan, the PA is given the authority, in its discretion, and depending upon its independent assessment of the adequacy

PLAN ADMINISTRATOR'S NOTICE RE INITIAL
DISTRIBUTION TO CLASS 5 CREDITORS - 1

124867.0001/1865011.1

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4100
SEATTLE, WASHINGTON 98101-2338
206.223.7000 FAX: 206.223.7107

of the cash resources of the bankruptcy estate of Larry Kates (the "Estate"), to make an initial distribution (the "Initial Distribution") to Class 5 Claimants holding Allowed Claims within 60 days of the Effective Date (May 4, 2010). The PA has conducted its initial review of the pleadings and materials on file with the Bankruptcy Court as well as the books and records of the Debtor and certain of his affiliates. The PA has also inspected various properties and met and consulted with the Post-Confirmation Committee (the "PCC") and the Debtor Larry Kates (who is currently serving as the "Plan Manager" or "PM"). Based upon this review and these consultations, and after carefully considering the Estate's cash resources and the level of cash reserves necessary to assure the Plan Administrator's ability to fully and timely defray the Estate's current and future administrative and priority expenses incurred in administering the Amended Plan, the PA has determined that it is not possible at this juncture to determine whether any portion of the Estate's limited cash on hand can be prudently distributed at this time without impeding the liquidation of the Estate's remaining assets and the orderly administration of the Amended Plan. In particular, potential tax liabilities and other potential future expenses relating to disposition of properties and could drastically affect the cash resources required to administer the Estate.

In addition, the PA has determined that even if sufficient Estate funds were otherwise currently available for distribution to Class 5 creditors, there is a substantial controversy as to what claims (and which portion of certain claims) should be treated as Allowed Claims for purposes of such Initial Distribution. In this regard, the Debtor has very recently advised the PA of his opinion that certain claims of note holder creditors should be disallowed in whole or part under applicable California law. The magnitude of such a potential disallowance is substantial and would significantly alter the amounts of any Initial Distribution. In this regard, Article XI of the Amended Plan grants the PA a period of six months amount of the Initial Distribution to creditors from the Effective Date of the Amended Plan to complete its review of the claims of creditors against the Estate. Given these and various other budgeting

PLAN ADMINISTRATOR'S NOTICE RE INITIAL
DISTRIBUTION TO CLASS 5 CREDITORS - 2

124867.0001/1865011.1

**LANE POWELL** PC
1420 FIFTH AVENUE, SUITE 4100
SEATTLE, WASHINGTON 98101-2338
206.223.7000 FAX: 206.223.7107

Case 09-10188-SJS    Doc 307    Filed 07/06/10    Entered 07/06/10 16:27:16    Page 2 of 3

and claims allowance issues, the PA is unable at this time to authorize an Initial Distribution and it has determined it is in the best interests of the Estate and its creditors that it make no Initial Distribution at this time. However, the PA is aware of the Amended Plan's requirement that an Initial Distribution occur as soon as there is a sufficient amount of unneeded Estate cash funds available for distribution. The PA is therefore dedicated to promptly proceed with its analysis of the Estate's cash resources and claims allowance issues in order to make an Initial Distribution to holders of Class 5 Claims not subject to bona fide dispute at the earliest reasonable opportunity.

DATED this 6th day of July, 2010.

LANE POWELL PC

By /s/ Bruce W. Leaverton
    Bruce W. Leaverton, WSBA No. 15329
Attorneys for Stapleton Group, Inc.,
Plan Administrator

PLAN ADMINISTRATOR'S NOTICE RE INITIAL
DISTRIBUTION TO CLASS 5 CREDITORS - 3

124867.0001/1865011.1

1420 FIFTH AVENUE, SUITE 4100
SEATTLE, WASHINGTON 98101-2338
206.223.7000 FAX: 206.223.7107

Case 09-10188-SJS   Doc 307   Filed 07/06/10   Entered 07/06/10 16:27:16   Page 3 of 3